**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50424 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05144-BEN-1 |
| v. | |
| ALEJANDRO FELIX HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 5, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendant-appellant Alejandro Felix Hernandez ("Hernandez") appeals his

conviction of attempted reentry after deportation without permission in violation of

8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 1291. Hernandez argues,

*inter alia*, that the district court improperly conditioned his constitutional right to

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

present a defense on his surrender of his right not to testify. We agree. Because we conclude that the district court's ruling requiring Hernandez to testify in order to present any evidence regarding his mistake of fact defense was plain error, we vacate Hernandez's conviction and remand to the district court for a new trial.

Hernandez's only defense at trial was that he made a mistake of fact as to whether he had permission to reenter the United States. In support of this defense, Hernandez sought to introduce an unexpired permanent residence card issued in his name, which he claimed he recently discovered before reentering and thought was newly issued. He also sought to introduce corroborating testimony of his wife and son regarding the discovery of the permanent residence card and Hernandez's belief that it granted him permission to reenter the country.

Attempted reentry in violation of 8 U.S.C. § 1326 is a specific intent crime. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000). Hernandez had the right to introduce evidence that would cast doubt on one of the elements of the crime, specific intent to enter without permission, for which the government bore the burden of proof beyond a reasonable doubt. *See United States v. Sandoval-Gonzalez,* 642 F.3d 717, 722-23 (9th Cir. 2011). Because Hernandez bore no burden of producing evidence that negated an element of the crime, Hernandez's testimony was not necessary to meet any threshold requirement for

presenting his defense. *Compare Menendez v. Terhune*, 422 F.3d 1012, 1032 (9th Cir. 2005) (holding that the defendant was required to testify to provide an adequate foundation for the introduction of corroborating evidence of imperfect self-defense, a defense for which the defendant bears the burden of production) *with United States v. Rahm*, 993 F.2d 1405, 1414 (9th Cir. 1993) ("By choosing not to testify, [defendant] did not forfeit her right to present a defense or to introduce testimony. . . . The government was required to prove each element of the crimes charged beyond a reasonable doubt. Defense testimony calling into question the proof of any such element is proper.").

Despite the foregoing, the district court conditioned Hernandez's right to present *any* evidence of his mistake of fact on the requirement that he testify in his own defense. In other words, the district court conditioned Hernandez's constitutional right to present a defense, *Crane v. Kentucky*, 476 U.S. 683, 687 (1986), on his forfeiting his constitutional right not to testify, U.S. Const. amend. V. *See Simmons v. United States*, 390 U.S. 377, 394 (1986) ("[W]e find it intolerable that one constitutional right should have to be surrendered in order to assert another."). At oral argument, the government acknowledged that if Hernandez had the right to introduce this evidence, then the district court judge's ruling was plain

error.[1] Given that concession, and our conclusion that Hernandez was entitled to introduce the evidence, we vacate Hernandez's conviction and remand to the district court for a new trial. Because we conclude that Hernandez's conviction must be vacated on this ground, we need not address the other claims raised by Hernandez in his appeal.

**VACATED and REMANDED.**

---

[1] There is some question whether Hernandez properly objected to the district court's ruling. If he did not, the plain error rule applies. *United States v. Ayala-Nicanor*, 659 F.3d 744, 746-47 (9th Cir. 2011). We need not resolve this issue since the government's counsel agreed that, if Hernandez had the right to present the testimony, the error was plain.